UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Raul Horta-Castrejon, | 2:17-cv-01567-JAD-NJK |
| Petitioner | **Service Order** |
| v. | [ECF No. 1] |
| Jefferson Sessions, et al., | |
| Respondents | |

Petitioner Raul Horta-Castrejon is currently detained by Immigration and Customs Enforcement (ICE) on charges of illegal reentry after he was deported from the United States and twice reentered.[1] Horta-Castrejon brings this 28 U.S.C. § 2241 immigration habeas claim and alleges that his substantive and procedural due-process rights were violated because he would be a derivative citizen through his native-born American adoptive father and naturalized-citizen mother if the government had not mishandled his application for citizenship.[2] Horta-Castrejon paid the filing fee, so I now review his petition.

### Discussion

The law remains unsettled in the Ninth Circuit as to the appropriate respondent or respondents that must be named by an immigration detainee challenging his detention on behalf of federal immigration authorities. In *Armentero v. INS* (*Armentero I*), the Ninth Circuit initially held that the Attorney General and the Secretary of Homeland Security were the proper respondents.[3] But

---

[1] ECF No. 1 at 5.

[2] *Id.* at 7–8.

[3] See *Armentero v. INS*, 340 F.3d 1058, 1071 (9th Cir. 2003) (*Armentero I*), *opinion withdrawn on grant of en banc rehearing*, 382 F.3d 1153 (9th Cir. 2004), *appeal*

the Supreme Court's subsequent decision in *Rumsfeld v. Padilla* hypothesized that the proper respondent instead might be the petitioner's immediate physical custodian, but the Court expressly reserved the issue with respect to immigration habeas petitions.[4] The Ninth Circuit accordingly granted rehearing *en banc* in *Armentero* but did not reach and resolve the issue a second time, leaving *Armentero I* as nonbinding precedent and the issue undetermined in this circuit.[5]

Horta-Castrejon names as respondents the United States Attorney General, the district director for the United States Citizenship and Immigration Services (USCIS), the USCIS field office director, and the Attorney General for the State of Nevada. Given the unresolved state of the law, it may have been preferable for Horta-Castrejon to name the Secretary of Homeland Security in addition to the United States Attorney General (as in *Armentero I*) as well as his immediate physical custodian (as in *Rumsfeld v. Padilla*). But, in light of the delay in reaching this matter and 28 U.S.C. § 2243's directive that prompt response is required, this matter will be served for a response regardless of the potential proper-respondent issue, which does not appear to go to jurisdiction over the subject matter.[6]

With that said, the immigration habeas service order used in this district directs service under Rule 4(i)(2) for service on a federal agency, with service in this context on the United States Attorney General, the Secretary of the Department of Homeland Security, and the local United States Attorney. As the disposition paragraphs reflect, service will not be directed on any otherwise unserved persons

---

*dismissed per fugitive disentitlement doctrine*, 412 F.3d 1088 (9th Cir. 2005).

[4] See 542 U.S. 426, 435 n.8 (2004).

[5] *See generally Fuentes-Barnett v. Sessions*, 2017 WL 1197132, at *2 (D. Ariz. March 31, 2017).

[6] *See Rumsfeld*, 542 U.S. at 451–53 (Kennedy, J., concurring).

named as a respondent in the petition unless it is necessary to jurisdiction over the case or to secure a response. I express no opinion about whether the state attorney general in particular is a proper respondent.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that the **Clerk of Court** is directed to **SERVE a copy of this order and the petition upon respondents**: (1) by having the United States Marshal, by the close of business on November 3, 2017, deliver it to the United States Attorney for the District of Nevada or to the person designated thereby for acceptance of service; (2) by certified mail upon the Hon. Jeff Sessions, Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001; and (3) by certified mail upon the Hon. Elaine C. Duke, Acting Secretary of Homeland Security, Washington, D.C. 20528. No formal service will be directed on any otherwise unserved respondents named in the petition unless it is demonstrated that it is a necessary predicate to jurisdiction over the case or to secure a response on the merits.

IT FURTHER IS ORDERED under 28 U.S.C. § 2243 **that the served respondents will have 3 business days from receipt of the petition to ANSWER or otherwise RESPOND and SHOW CAUSE why relief should not be granted**.

DATED: November 1, 2017.

_____
Jennifer A. Dorsey
United States District Judge