**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Raul Horta-Castrejon, | 2:17-cv-01567-JAD-NJK |
| Petitioner | **Dismissal Order** |
| v. | [ECF No. 1] |
| Jeff Sessions, et al., | |
| Respondents | |

Counseled petitioner Raul Horta-Castrejon brings this immigration habeas action under 28 U.S.C. § 2241, challenging his continued detention following a final administrative order that he be deported from the United States. He also seeks a declaration of United States citizenship.[1] I deny the petition and dismiss this action without prejudice for lack of jurisdiction, just as I did in the substantially similar habeas petition that Horta-Castrejon brought under an alias.[2]

Petitioner has been removed from the United States several times since 1989.[3] While here, he leads a life of crime and has been convicted on many occasions of possessing a controlled substance and on at least one occasion of receiving stolen property.[4] Petitioner's most recent removal was in 2010, but undeterred, he reentered the country at some point because United States Immigration Customs Enforcement (ICE) found him on January 16, 2012, in

---

[1] ECF No. 1 at 8.

[2] Raul Horta-Castrejon also goes by Raul Matthews-Orta. He filed another petition for habeas corpus relief under that name, asserting the same grounds for relief. *See Raul Matthews-Orta v. Eric Holder*, case no. 2:14-cv-0185-JAD-PAL.

[3] These background facts are taken from the government's answer and are not in dispute. So I generally cite to ECF No. 4 for them.

[4] ECF No. 4 at 6 n.8. Petitioner was convicted of possessing a controlled substance in 1991 and 1993; possessing a controlled substance for sale in 1994; and receiving stolen property and possessing a controlled substance in 1997.

pretrial detention at the Clark County Detention Center after he was arrested yet again for possessing a controlled substance. The next day, ICE reinstated (but didn't execute) a final order of removal from 1998 and placed a detainer on petitioner while the criminal proceeding was pending.

Petitioner challenged the removal order in this court (under the alias Raul Matthews-Orta), asserting that he was—or should be—a United States citizen. I reviewed that petition, too, and held that I lacked jurisdiction over it because "[t]he exclusive method for obtaining judicial review of a final order of removal is a petition for review filed with the Court of Appeals."[5] Now petitioner is back again (this time as Castrejon-Horta) challenging the same removal order.

As I explained in the prior action, the REAL ID Act[6] prescribes "an appropriate court of appeals" as the "sole and exclusive means for judicial review of an order of removal."[7] A reinstatement order "qualifies as an order of removal that can only be challenged in a petition for review filed directly with [the court of appeals]."[8] Because petitioner is subject to a final removal order—albeit a reinstated one—this court lacks jurisdiction to consider this habeas corpus petition. Because I dismiss this action for want of jurisdiction, I do not reach the parties' arguments on the merits.

Finally, I advise Horta-Castrejon and his counsel to review Local Rule LR 42-1(a), which requires that a notice of related cases "whether active or terminated" be filed.[9] Using a different alias in a new proceeding does not excuse a party or his counsel from complying with the local rule. Failure to comply with the local rules may result in sanctions. I also advise petitioner and

---

[5] *See Matthews-Orta v. Holder*, 2:14-cv-01853-JAD-PAL, ECF No. 23 at 2.

[6] 8 U.S.C. § 1252(a)(5) and (b).

[7] *Id.*; *see also Flores-Torres v. Mukasey*, 548 F.3d 708, 710–11 (9th Cir. 2008); *Iasu v. Smith*, 511 F.3d 881 (9th Cir. 2007).

[8] *Morales-Izquierdo v. Dep't of Homeland Sec.*, 600 F.3d 1076, 1081–82 (9th Cir. 2010) (citing 8 U.S.C. § 1252(a)(5)).

[9] L.R. 42-1(a).

his counsel that filing successive habeas petitions that have the same patent defect may also result in sanctions.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Horta-Castrejon's petition for a writ of habeas corpus **[ECF No. 1] is DENIED**, and this action is **DISMISSED** without prejudice.

IT IS FURTHER ORDERED that respondents' unopposed motion for leave to file a surreply **[ECF No. 8] is DENIED as moot**.

The **Clerk of Court** is directed to **CLOSE THIS CASE**.

DATED: March 1, 2018.

_____
U.S. District Judge Jennifer A. Dorsey